MIGUEL VARGAS, Plaintiff and Appellant, *v.* ESPERANZA CRUZ VÉLEZ, Defendant and Appellee.

No. 5231. 'Argued June 3, 1930.—Decided June 12, 1930.

*Tous Soto & Zapater* for appellànt.   *Leopoldo Tormes* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In June, 1922, Miguel Vargas brought suit against Esperanza Cruz Vélez as the sole and universal heir of Avelino Cruz Toro, who died in 1921, and as a principal cause of action he alleged that he is an acknowledged natural son of Avelino Cruz Toro.   He also set forth other subsidiary causes of action.   The defendant moved that certain particulars be stricken out from the complaint and the motion was granted on September 30, 1922, by an order of the court, which allowed the plaintiff twenty days to amend his complaint.   The plaintiff did not amend and moved for a reconsideration of the order, which was denied.   Thereupon, and on motion of

the defendant, judgment was entered on November 20, 1922, finally dismissing the case for failure to amend the complaint within the time allowed therefor. On November 27 of the same year, the plaintiff brought another action in regard to the same matter which was dismissed on March 15, 1923 upon a demurrer based on the ground of prescription, and an appeal taken from that decision was dismissed by this court on May 15, 1923. On April 27, 1923, the plaintiff moved that the judgment in the first action be vacated as not being authorized by law and this motion was denied by the district court, on the ground that if the judgment of dismissal rendered in the action was erroneous the plaintiff could have appealed therefrom but failed to do so. An appeal was taken from that decision which was dismissed by the Supreme Court on November 13, 1923, because it was within the jurisdiction of the trial court to enter a judgment of dismissal, and because an appeal therefrom was the proper remedy without the possibility of reviving it by reason of objections of a jurisdictional character. Seven years afterwards, or on June 20, 1929, the plaintiff applied to the district court to vacate the judgment of November 20, 1922, dismiss the demurrer and grant the defendant leave to file an answer, urging among other grounds, that the court had no jurisdiction to dismiss the case; that it ought to have deemed the complaint as amended without the necessity of filing an amended complaint; that the attorney who represented the plaintiff at the time had acted through excusable mistake and inadvertence, as the pendency of a motion to reconsider absolved the plaintiff from the necessity of filing an amended complaint, and that the defendant had moved for a judgment of dismissal before the expiration of the 20 days granted to the plaintiff to amend his complaint.

We are now asked by the defendant to dismiss this appeal, and as a first ground of his motion he urges that the order sought to be reviewed is not appealable.

The question submitted in the court below by the plaintiff

in support of his application to be relieved from the judgment rendered on November 20, 1922, could have been considered and decided on the former appeal, taken by plaintiff and which he abandoned; hence, the refusal of the lower court to grant the motion to vacate the judgment is not embraced in subdivision 3 of section 295 of the Code of Civil Procedure authorizing appeals from special orders made after final judgment, as the special orders thus provided for are those made in determining questions not included in the judgment, and in the present case the matters alleged in support of the said motion were covered by the prior judgment. Moreover, reconsideration of a judgment is sought under the guise of a motion to be relieved from such a judgment, and we have already held that a refusal to reconsider a judgment is not appealable.

Another ground set forth in the motion to dismiss and which is also important in this connection, is that the question raised by the plaintiff in his motion to be relieved from the judgment and to vacate the same have already been argued and determined on a former appeal between the same parties, since in the opinion of this court in *Vargas* v. *Cruz*, 32 P.R.R. 422, which has been summarized above, the questions on which the appellant herein relies for his appeal have been decided adversely to his contentions. Some of these questions have also been passed upon in *Vargas* v. *Cruz*, 36 P.R.R. 571.

The appeal must be dismissed.